## STROMBERG *v.* CALIFORNIA.

No. 584. Argued April 15, 1931.—Decided May 18, 1931.

*Mr. John Beardsley* for appellant.

*Mr. John D. Richer,* Deputy Attorney General of California, with whom *Mr. U. S. Webb,* Attorney General, was on the brief, for appellee.

Mr. Chief Justice Hughes delivered the opinion of the Court.

The appellant was convicted in the Superior Court of San Bernardino County, California, for violation of

§ 403–a of the Penal Code of that State. That section provides:

"Any person who displays a red flag, banner or badge or any flag, badge, banner, or device of any color or form whatever in any public place or in any meeting place or public assembly, or from or on any house, building or window as a sign, symbol or emblem of opposition to organized government or as an invitation or stimulus to anarchistic action or as an aid to propaganda that is of a seditious character is guilty of a felony."

The information, in its first count, charged that the appellant and other defendants, at the time and place set forth, " did wilfully, unlawfully and feloniously display a red flag and banner in a public place and in a meeting place as a sign, symbol and emblem of opposition to organized government and as an invitation and stimulus to anarchistic action and as an aid to propaganda that is and was of a seditious character."

The information contained a second count charging conspiracy, but this need not be considered, as the conviction on that count was set aside by the state court. The appellant alone was convicted on the first count.

On the argument of a general demurrer to the information, the appellant contended, as was permitted by the practice in California, that the statute was invalid because repugnant to the Fourteenth Amendment of the Federal Constitution. The demurrer was overruled, and the appellant pleaded not guilty. Conviction followed, motions for a new trial and in arrest of judgment were denied, and on appeal to the District Court of Appeal the judgment was affirmed. (*People* v. *Mintz*, 290 Pac. 93.) Petition for a hearing by the Supreme Court of California was denied, and an appeal has been taken to this Court.

This Court granted an order permitting the appellant to prosecute the appeal *in forma pauperis* and, for the

purpose of shortening the record, a stipulation of facts has been presented on behalf of the appellant and the Attorney General of the State. It appears that the appellant, a young woman of nineteen, a citizen of the United States by birth, was one of the supervisors of a summer camp for children, between ten and fifteen years of age, in the foothills of the San Bernardino mountains. Appellant led the children in their daily study, teaching them history and economics. "Among other things, the children were taught class consciousness, the solidarity of the workers, and the theory that the workers of the world are of one blood and brothers all." Appellant was a member of the Young Communist League, an international organization affiliated with the Communist Party. The charge against her concerned a daily ceremony at the camp, in which the appellant supervised and directed the children in raising a red flag, " a camp-made reproduction of the flag of Soviet Russia, which was also the flag of the Communist Party in the United States." In connection with the flag-raising, there was a ritual at which the children stood at salute and recited a pledge of allegiance " to the worker's red flag, and to the cause for which it stands; one aim throughout our lives, freedom for the working class." The stipulation further shows that " a library was maintained at the camp containing a large number of books, papers and pamphlets, including much radical communist propaganda, specimens of which are quoted in the opinion of the state court." These quotations abundantly demonstrated that the books and pamphlets contained incitements to violence and to " armed uprisings," teaching "the indispensability of a desperate, bloody, destructive war as the immediate task of the coming action." Appellant admitted ownership of a number of the books, some of which bore her name. It appears from the stipulation that none of these books or pamphlets were used in the teaching at the camp.

With respect to the conduct of the appellant, the stipulation contains the following statement: " She " (the appellant) " testified, however, that none of the literature in the library, and particularly none of the exhibits containing radical communist propaganda, was in any way brought to the attention of any child or of any other person, and that no word of violence or anarchism or sedition was employed in her teaching of the children. There was no evidence to the contrary."

The charge in the information, as to the purposes for which the flag was raised, was laid conjunctively, uniting the three purposes which the statute condemned. But in the instructions to the jury, the trial court followed the express terms of the statute and treated the described purposes disjunctively, holding that the appellant should be convicted if the flag was displayed for any one of the three purposes named. The instruction was as follows:

" In this connection you are instructed that if the jury should believe beyond a reasonable doubt that the defendants, or either of them, displayed, or caused to be displayed, a red flag, banner, or badge, or any flag, badge, banner, or device of any color or form whatever in any public place or in any meeting place, as charged in count one of the information, and if you further believe from the evidence beyond a reasonable doubt that said flag, badge, banner, or device was displayed, or caused to be displayed, as a sign, symbol, or emblem of opposition to organized government, or was an invitation or stimulus to anarchistic action, or was in aid to propaganda that is of a seditious character, you will find such defendants guilty as charged in count one of the information.

" In this connection you are instructed that if you believe a red flag, such as herein described, was displayed in either of the places mentioned in said information, that it is only necessary for the prosecution to prove to you, beyond a reasonable doubt, that said flag was displayed

for any one or more of the three purposes mentioned in the information; in other words, if the prosecution should prove to you beyond a reasonable doubt that the red flag, such as herein described, was displayed at the place or either of said places and for the purposes and objects as alleged in said information, it is only necessary for the prosecution to prove to you beyond a reasonable doubt that said flag was displayed for only one or more of the three purposes alleged in said information, and it is not necessary that the evidence show, beyond a reasonable doubt, that said red flag was displayed for all three purposes charged in said information. Proof, beyond a reasonable doubt, of any one or more of the three purposes alleged in said information is sufficient to justify a verdict of guilty under count one of said information."

Appellant, before the District Court of Appeal, accepted this instruction as correct and waived any claim of error on that account. But appellant continued her challenge of the constitutionality of the statute, and the court on appeal entertained her contention and decided the constitutional question against her. In the District Court of Appeal there were three justices, and the concurrence of two justices was necessary to pronounce a judgment. Cal. Const., Art. VI, § 4 (a); Cal. Stats., 1929, c. 691, pp. 1202, 1203. Two opinions were delivered, one by a single justice, and another by the remaining two justices. The three justices concurred with respect to the affirmance of the conviction of the appellant under the first count, and there was a dissent only in relation to the proceedings on the reversal of the judgment under the second count for conspiracy, a point not in question here. The opinions make it clear that the appellant insisted that, under the Fourteenth Amendment, the statute was invalid as being " an unwarranted limitation on the right of free speech."

As the trial court had treated the three purposes of the statute disjunctively, and the appellant had accepted that

construction, we think that the only fair interpretation of her contention is that it related to the validity, not merely of the statute taken as a whole, but of each one of the three clauses separately relied upon by the State in order to obtain a conviction. Her concession as to the interpretation of the statute emphasizes, rather than destroys, that contention. The opinion of the two concurring justices explicitly states: " She " (the appellant) " directs her argument to the phrase in section 403a of the Penal Code ' of opposition to organized government.' " Thus directing her argument, we do not think that it can properly be said that the appellant having agreed that, according to the terms of the statute, her conviction could rest exclusively upon that ground, was not contending that the statute was invalid to the extent that it was so applied.

We are not left in doubt as to the construction placed by the state court upon each of the clauses of the statute. The first purpose described, that is, relating to the display of a flag or banner "as a sign, symbol or emblem of opposition to organized government," is discussed by the two concurring justices. After referring, in the language above quoted, to the constitutional question raised by the appellant with respect to this clause, these justices said in their opinion [p. 97]:

" If opposition to organized government were the only act prohibited by this section we might be forced to agree with appellant. ' Opposition ' is a word broad in its meaning. It has been defined as follows:

" ' The act of opposing or resisting; antagonism. The state of being opposite or opposed; antithesis; also, a position confronting another or a placing in contrast. That which is, or furnishes an obstacle to some result; as, the stream flows without opposition. The political party opposed to the ministry or administration; often used adjectively as, the opposition press.'

"It might be construed to include the peaceful and orderly opposition to a government as organized and controlled by one political party by those of another political party equally high minded and patriotic, which did not agree with the one in power. It might also be construed to include peaceful and orderly opposition to government by legal means and within constitutional limitations. Progress depends on new thought and the development of original ideas. All change is, to a certain extent, achieved by the opposition of the new to the old, and in so far as it is within the law, such peaceful opposition is guaranteed to our people and is recognized as a symbol of independent thought containing the promise of progress. It may be permitted as a means of political evolution, but not of revolution."

With respect to the second purpose described in the statute, the display of a flag or banner "as an invitation or stimulus to anarchistic action," the concurring justices quoted accepted definitions and judicial decisions as to the meaning of "anarchistic action." These authorities, as set forth and approved in the opinion, show clearly that the term was regarded by the state court as referring to the overthrow by force and violence of the existing law and order, to the use of "unlawful, violent and felonious means to destroy property and human life." The conclusion was thus stated: "It is therefore clear that when section 403a of the Penal Code prohibits a display of a red flag as an invitation or stimulus to anarchistic action it prohibits acts which have a well-defined and well-settled meaning in the law of our land, a teaching which if allowed to be put into force and effect would mean revolution in its most dreaded form."

The state court further gave its interpretation of the third clause of the statute, that is, in relation to the display of a flag or banner "as an aid to propaganda that is of a seditious character." Both opinions dealt with the

meaning of this clause. Thus in one opinion it is said: "Appellants' counsel concedes that sedition laws which 'interdict against the use of force or violence' are consistently upheld by the courts, and all of the authorities cited by him support that proposition. . . . Sedition is defined as the stirring up of disorder in the State, tending toward treason, but lacking an overt act. Certainly the 'advocacy of force or violence' in overturning the government of a State falls within that definition." The other opinion takes a similar view. Assuming that the local statute is thus construed by the state court as referring to the advocacy of force or violence in the overthrow of government, we do not find it necessary, for the purposes of the present case, to review the historic controversy with respect to " sedition laws " or to consider the question as to the validity of a statute dealing broadly and vaguely with what is termed seditious conduct, without any limiting interpretation either by the statute itself or by judicial construction.

Having reached these conclusions as to the meaning of the three clauses of the statute, and doubting the constitutionality of the first clause, the state court rested its decision upon the remaining clauses. The basis of the decision, as more fully stated in the opinion of the two concurring justices, was this: " The constitutionality of the phrase of this section, ' of opposition to organized government' is questionable. This phrase can be eliminated from the section without materially changing its purposes. The section is complete without it, and with it eliminated it can be upheld as a constitutional enactment by the Legislature of the State of California." Accordingly, disregarding the first clause of the statute, and upholding the other clauses, the conviction of the appellant was sustained.

We are unable to agree with this disposition of the case. The verdict against the appellant was a general

one. It did not specify the ground upon which it rested. As there were three purposes set forth in the statute, and the jury were instructed that their verdict might be given with respect to any one of them, independently considered, it is impossible to say under which clause of the statute the conviction was obtained. If any one of these clauses, which the state court has held to be separable, was invalid, it cannot be determined upon this record that the appellant was not convicted under that clause. It may be added that this is far from being a merely academic proposition, as it appears, upon an examination of the original record filed with this Court, that the State's attorney upon the trial emphatically urged upon the jury that they could convict the appellant under the first clause alone, without regard to the other clauses. It follows that instead of its being permissible to hold, with the state court, that the verdict could be sustained if any one of the clauses of the statute were found to be valid, the necessary conclusion from the manner in which the case was sent to the jury is that, if any of the clauses in question is invalid under the Federal Constitution, the conviction cannot be upheld.

We are thus brought to the question whether any one of the three clauses, as construed by the state court, is upon its face repugnant to the Federal Constitution so that it could not constitute a lawful foundation for a criminal prosecution. The principles to be applied have been clearly set forth in our former decisions. It has been determined that the conception of liberty under the due process clause of the Fourteenth Amendment embraces the right of free speech. *Gitlow* v. *New York*, 268 U. S. 652, 666; *Whitney* v. *California*, 274 U. S. 357, 362, 371, 373; *Fiske* v. *Kansas*, 274 U. S. 380, 382. The right is not an absolute one, and the State in the exercise of its police power may punish the abuse of this freedom. There is no question but that the State may thus pro-

vide for the punishment of those who indulge in utterances which incite to violence and crime and threaten the overthrow of organized government by unlawful means. There is no constitutional immunity for such conduct abhorrent to our institutions. *Gitlow* v. *New York, supra; Whitney* v. *California, supra.* We have no reason to doubt the validity of the second and third clauses of the statute as construed by the state court to relate to such incitements to violence.

The question is thus narrowed to that of the validity of the first clause, that is, with respect to the display of the flag " as a sign, symbol or emblem of opposition to organized government," and the construction which the state court has placed upon this clause removes every element of doubt. The state court recognized the indefiniteness and ambiguity of the clause. The court con-sidered that it might be construed as embracing conduct which the State could not constitutionally prohibit. Thus it was said that the clause " might be construed to include the peaceful and orderly opposition to a government as organized and controlled by one political party by those of another political party equally high minded and patriotic, which did not agree with the one in power. It might also be construed to include peaceful and orderly opposition to government by legal means and within constitutional limitations." The maintenance of the opportunity for free political discussion to the end that government may be responsive to the will of the people and that changes may be obtained by lawful means, an opportunity essential to the security of the Republic, is a fundamental principle of our constitutional system. A statute which upon its face, and as authoritatively construed, is so vague and indefinite as to permit the punishment of the fair use of this opportunity is repugnant to the guaranty of liberty contained in the Fourteenth Amendment. The first

clause of the statute being invalid upon its face, the conviction of the appellant, which so far as the record discloses may have rested upon that clause exclusively, must be set aside.

As for this reason the case must be remanded for further proceedings not inconsistent with this opinion, and other facts may be adduced in such proceedings, it is not necessary to deal with the questions which have been argued at the bar as to the constitutional validity of the second and third clauses of the statute, not simply upon their face, but as applied in the instant case; that is, to consider the conclusions of fact warranted by the evidence, either as shown by the original record filed with the Court on the present appeal, or as disclosed by the stipulation, as to the import of which the parties do not agree.

*Judgment reversed.*

Mr. Justice McReynolds, dissenting.

This Court often has announced, and scores, perhaps hundreds, of times has applied the rule, that it may not pass upon any question in a cause coming from a state court which the record fails to show was there determined or duly presented for determination.

The only federal matter ruled upon by the court below (District Court of Appeals), and the only one there submitted, arose upon the general demurrer to the Information. Did this adequately set forth an offense for which the defendant could be punished without violating the Fourteenth Amendment?

Section 403a, Penal Code of California, provides—

"Any person who displays a red flag, banner or badge or any flag, badge, banner, or device of any color or form whatever in any public place or in any meeting place or public assembly, or from or on any house, building or window as a sign, symbol or emblem of opposition to organ-

ized government or as an invitation or stimulus to anarchistic action or as an aid to propaganda that is of a seditious character is guilty of a felony."

And the Information charged that the plaintiff "did wilfully, unlawfully, and feloniously display a red flag and banner in a public place and a meeting place as a sign, symbol, and an emblem of opposition to organized government and as an invitation and stimulus to anarchistic action and as an aid to propaganda that is and was of a seditious character."

Below, counsel definitely " stated that he was satisfied that the instructions [to the jury] were correct, and waived any claim of error on that account." Accordingly, decision was not requested upon any question arising out of the charge; no such question was decided. The instructions were properly disregarded and are now unimportant.

The sole matter of a federal nature considered by the Court of Appeals was the claim that the provisions of § 403a of the Penal Code were in conflict with the Fourteenth Amendment. It held the statute divisible and that as petitioner stood charged with violating all of the inhibitions therein, some of which were certainly good, the conviction could not be upset even if one paragraph were invalid. The conclusion seems plainly right and, I think, the challenged judgment should be affirmed.

Mr. Justice Butler, dissenting.

The Court decides that, in so far as § 403a declares it a crime to display a flag for the first purpose specified, " as an emblem of opposition to organized government," the section denies right of free speech, and the court holds that right to be included in the concept of " liberty " safeguarded against state action by the due process clause of the Fourteenth Amendment. It sustains the parts for-

bidding the public display of a flag " as an invitation or stimulus to anarchistic action or as an aid to propaganda that is of a seditious character." The count on which the conviction rests charges that the appellant displayed a flag in ways and for all the purposes denounced by the section. Assuming all the clauses of the section to be valid, the display of a flag for the purpose specified in any one of them would be sufficient to warrant conviction. The Court holds the first clause invalid and, finding that the judgment may have rested upon that clause exclusively, sets aside the conviction.

1. I am of opinion that the record affirmatively shows that appellant was not convicted for violation of the first clause.

Shortly prior to the trial of this case, the supreme court of California held invalid a city ordinance purporting to make unlawful the public display of a flag or emblem of an organization espousing for the government of the people of the United States principles antagonistic to our Constitution or form of government. *In re Hartman,* 182 Cal. 447; 188 Pac. 548. Under that decision the California lower courts were bound to hold invalid the first clause of § 403a construed as peaceable opposition to organized government. And the record shows that in the case before us counsel and the trial court had that decision in mind.

The instruction quoted and relied on in the opinion here is No. 17, requested by the state's attorney. The opinion construes that instruction as if it stood alone. It does not stand alone. Defendant's attorney did not object or except to it but on the other hand requested, and the court gave, other instructions. They are Nos. 10 and 11 as follows:

" You are instructed that the inhabitants of the United States have both individually and collectively the right to advocate peaceable changes in our constitution, laws,

or form of government, although such changes may be based upon theories or principles of government antagonistic to those which now serve as their basis.

"You are instructed that under the Constitution and laws of the United States, and of this State, an organization peaceably advocating changes in our constitution, laws or form of government, although such changes may be based upon theories or principles of government antagonistic to those which now serve as their basis, may adopt a flag or emblem signifying the purpose of such organization, and that the display or possession of such flag or emblem cannot be made an unlawful act."

The effect of the three instructions here referred to was definitely to direct the jury that defendant had the right without limit to advocate peaceable changes in our government, that under our constitution and laws an organization peaceably advocating changes in our government, no matter to what extent or upon what theories or principles, may adopt a flag signifying the purposes of such organization, and that it is impossible to make that unlawful.

2. The record fails to show that, aside from having the trial judge give to the jury these instructions suggested by her, defendant did in any manner separately challenge in the trial court the validity of the first clause.

That question could not have been raised by the demurrer to the information because it charged conjunctively the three purposes that are disjunctively denounced by the section. And the failure of defendant's counsel in any manner to object or except to state's instruction No. 17 coupled with his statement before the district court of appeal (*People* v. *Mintz*, 290 Pac. 93) that "he was satisfied that the instructions were correct, and waived any claim of error on that account" indubitably shows that he was of opinion that the giving of defendant's instructions above quoted eliminated all possibility of con-

viction for the display of a flag as an emblem of peaceable opposition to organized government.

3. And, if defendant at the trial did assail the first clause, that contention is shown by the opinion of the court below to have been definitely waived.

It is there stated that (p. 95): " The part of section 403a necessary to be considered in passing upon the questions raised by the appeal, reads as follows: 'Any person who displays a red flag, . . . in any meeting place . . . as an aid to propaganda that is of a seditious character is guilty of a felony." That statement is closely followed by the one showing that defendant's counsel was satisfied with the instructions.

These definite statements in the opinion were agreed to by the three judges constituting the court. They are not in any manner negatived or impaired by the concurring opinion of two of the judges. Pp. 96–102. The first clause was discussed in the concurring opinion only for the purpose of showing that, notwithstanding its questionable validity, the rest of the section should be held valid. Clearly these judges did not intend to sustain a conviction resting on the clause so questioned in their opinion.

The full substance of all they say that has any bearing follows (p. 97): " Appellant's contention that section 403a of the Penal Code is unconstitutional on the ground that it is an unwarranted limitation on the right of free speech guaranteed to the people by the Constitutions of the United States and of the State of California, deserves serious consideration. She directs her argument to the phrase in section 403a of the Penal Code; ' of opposition to organized government.' If opposition to organized government were the only act prohibited by this section we might be forced to agree with appellant." After some pages of discussion they conclude as to the second clause

(p. 99): " It is therefore clear that when section 403a of the Penal Code prohibits a display of a red flag as an invitation or stimulus to anarchistic action it prohibits acts which have a well-defined and well-settled meaning in the law of our land, a teaching which if allowed to be put into force and effect would mean revolution in its most dreaded form."

Turning then to a consideration of the third clause, they say: ".The section in question also prohibits the display of a red flag as an aid to propaganda that is of a seditious nature." After discussion, they conclude (p. 99) that: " The term ' sedition ' and the word ' seditious ' have well-defined meanings in law. That the teaching of sedition against our Government can be and has long been prohibited needs no further citation of authorities."

Then summing up as to the second and third clauses, they say (p. 99): "As we view the provisions of section 403a of the Penal Code, its prohibition of displaying a red flag ' as an invitation or stimulus to anarchistic action, or as an aid to propaganda that is of a seditious character' is certain, and a proper and constitutional and legislative enactment. It is not contrary to the provisions of either the State or Federal Constitutions guaranteeing freedom of speech to our people."

They refer again to the first clause: " The constitutionality of the phrase of this section, ' of opposition to organized government ' is questionable." And, disclosing the purpose of the reference, they say: " This phrase can be eliminated from the section without materially changing its purposes. The section is complete without it, and with it eliminated it can be upheld as a constitutional enactment by the Legislature of the State of California."

I am of opinion that fair consideration of both opinions in all their parts makes it very clear that defendant did not claim below that under the charge the jury might or could

have found her guilty of violating the first clause of the section, that the district court of appeal did not decide or consider whether conviction under that clause was or could lawfully be had, and that the validity of the first clause was discussed in the concurring opinion only upon the question whether, if that part of the section were unconstitutional, the other parts must also fail.

4. It seems to me that on this record the Court is not called on to decide whether the mere display of a flag as the emblem of a purpose, whatever its sort, is speech within the meaning of the constitutional protection of speech and press or to decide whether such freedom is a part of the liberty protected by the Fourteenth Amendment or whether the anarchy that is certain to follow a successful " opposition to organized government " is not a sufficient reason to hold that all activities to that end are outside the " liberty " so protected. Cf. *Prudential Ins. Co.* v. *Cheek,* 259 U. S. 530. *Gitlow* v. *New York,* 268 U. S. 652, 666. *Whitney* v. *California,* 274 U. S. 357. *Fiske* v. *Kansas,* 274 U. S. 380.

I am of opinion that the judgment below should be affirmed.