See, also, D.C., 327 F.Supp. 101.

**William C. ANDERSON et al.**

v.

**Thomas VAUGHN et al.**

**Civ. No. 14094.**

United States District Court,
D. Connecticut.

Oct. 22, 1970.

Steven H. St. Clair, Hartford, Conn., for plaintiffs.

John M. Fitzgerald, Corp. Counsel, Hartford, Conn., for defendant.

## RULING ON APPLICATION FOR TEMPORARY RESTRAINING ORDER

BLUMENFELD, Chief Judge.

This complaint invokes the Civil Rights Act, 42 U.S.C. § 1983, for declaratory relief and an injunction restraining defendants [1] from enforcing a state criminal statute. Plaintiffs sue on behalf of themselves and all others "who desire to express their discontent with present governmental policy by peaceably displaying or carrying the flag of the National Liberation Front (Viet Cong) or any other similar symbol, flag, banner, or emblem at a meeting in Bushnell Park, Hartford, Connecticut, on October 23, 1970,[2] and elsewhere thereafter." Plaintiffs' claim is that fear of threatened arrests and prosecutions under the allegedly unconstitutional statute deprives and will deprive them of constitutional rights, namely the first amendment right to freedom of speech.

Jurisdiction of the action is founded upon 28 U.S.C. § 1343(3). Having sought an injunction against enforcement of a statute of statewide application, plaintiffs have sought the convocation of a three judge district court. 28 U.S.C. § 2281. They have also moved for a temporary restraining order. Plaintiffs presented the latter motion ex parte in chambers on October 21, 1970. In the interest of assuring that defendants would be heard, the court set the motion down for a hearing on October 22, 1970. All defendants had notice and appeared, either individually or by counsel.

The statute involved, Conn.Gen.Stats. § 53–7, provides that:

"Any person who carries or displays a red flag or any other emblem as a symbol calculated to, or which may, incite people to disorder or breaches of the law, shall be fined not more than two hundred dollars or imprisoned not more than six months or both."

Plaintiffs contend that the statute is unconstitutionally broad and unconstitutionally vague, and that it permits prohibition of constitutionally protected conduct.

A single district judge to whom is submitted a complaint seeking convocation of a three judge district court is empowered to issue a temporary restraining order on a showing that "specified irreparable damage will result if the order is not granted." 28 U.S.C. § 2284. Plaintiffs allege and defendants do not deny that there were two arrests under this statute on October 12, 1970, (the date of a visit to the city by President Nixon) and that defendant Shea intends to prosecute the two arrested. Moreover, defendant Shea does not deny that he would prosecute others arrested

---

1. At the hearing on the instant motion for a temporary restraining order, defendants Dempsey, Uccello, LaBelle, and Mulcahy moved for dismissal either on grounds that they had no power to enforce criminal statutes or on the representation that they would not enforce the statute sued upon. Plaintiffs having no objection, these motions to dismiss were granted.

2. At a public demonstration, coinciding with a visit to Hartford by Vice President Agnew, to protest United States involvement in Southeast Asia.

under the statute in the future. I deem this showing to be sufficient to establish that plaintiffs' exercise of their constitutional rights to speech and assembly are thereby chilled.

 On the other hand, no corresponding harm would result to the city from having to defer prosecutions under the statute until after a determination of its unconstitutionality. Indeed, the attorney for the city stated in open court that there were other state statutes and city ordinances which would adequately protect the city's interest in maintaining order.

Where a person threatened by a prosecution under a statute which suppresses first amendment freedom must defend his right by defense to a criminal proceeding, his remedy at law is too inadequate to stay the hand of equity. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Sheridan v. Garrison, 415 F.2d 699 (5th Cir. 1969). The prosecution will as a matter of law cause irreparable injury regardless of its outcome. Id.

The constitutionality vel non of Conn. Gen.Stats. § 53–7 will be determined in due course. *Cf.* Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931); Bachellar v. Maryland, 397 U.S. 564, 90 S.Ct. 1312, 25 L.Ed.2d 570 (1970); Terminiello v. City of Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949). Whether that determination will be made by three judges or one, in view of those cases, *see* Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), will also await another day.

All that is held at this point is that defendants Vaughn and Shea are restrained from enforcing Conn.Gen.Stats. § 53–7 pending a determination of its constitutionality by the court. Plaintiffs will pursue their motion for a three judge district court in due course.

The motion for a temporary restraining order is granted.

So ordered.