Melvin Ray **BURROW**,
Petitioner-Appellant,

v.

Hoyt C. **CUPP**, Superintendent, Oregon
State Penitentiary,
Respondent-Appellee.

No. 84–4220.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 6, 1985.*

Decided April 22, 1986.

---

\* The panel is unanimously of the opinion that oral argument is not required in this case. Fed. R.App.P. 34(a).

Clint A. Lonergan, Portland, Or., for petitioner-appellant.

David Hatrick, Portland, Or., for respondent-appellee.

Before KILKENNY and FLETCHER, Circuit Judges, and WEIGEL, District Judge.**

WEIGEL, District Judge.

Melvin Ray Burrow appeals a district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He argues that the state trial court erred in giving a jury instruction which unconstitutionally shifted the burden of proof to the defendant in violation of the Due Process Clause of the Fourteenth Amendment. We affirm the district court.

Burrow was tried in state court on charges of felony murder, attempted murder, and two counts of first degree robbery. The jury convicted him of the two robberies and felony murder but acquitted him of attempted murder. Appellant contends that the jury instruction as to the affirmative defense to felony murder unconstitutionally shifted the burden of proof for the underlying first degree robbery offense to the defendant by requiring him to show that he was not armed with a dangerous or deadly weapon.

The trial court judge instructed the jury that under Oregon law a person commits felony murder if,

"while acting either alone or with one or more persons, he commits or attempts to commit Robbery in the First Degree and in the course of and in furtherance of that crime he is committing or attempting to commit, or in the immediate flight therefrom, he or another participant, if there be another participant, causes the death of a person other than one of the participants." [1]

The jury was instructed that one of the elements of the charge of Robbery in the First Degree, was "that the defendant or his accomplices were armed with a dangerous weapon." [2] The trial judge also in-

---

** The Honorable Stanley A. Weigel, United States District Judge for the Northern District of California, is sitting by designation.

1. The felony murder statute under which defendant was charged provided, in part:
"(1) [C]riminal homicide constitutes murder when:
. . . .
(b) It is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit arson in the first degree, burglary in the first degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree or sodomy in the first degree

and in the course of and in furtherance of the crime he is committing or attempting to commit, or the immediate flight therefrom, he, or another participant if there be any, causes the death of a person other than one of the participants . . .;
. . . ."
Or.Rev.Stat. 163.115 (1979) (amended 1981).

2. The first degree robbery statute under which defendant was charged is Or.Rev.Stat. 164.415, which provides in relevant part:
"(1) A person commits the crime of robbery in the first degree if he violates ORS 164.395 [third degree robbery statute] and he:
(a) Is armed with a deadly weapon; or

structed the jury as to the five elements of the affirmative defense to felony murder, including the requirement that "[defendant] was not armed with a dangerous or deadly weapon."[3]

Appellant asserts that Oregon's statutory affirmative defense to felony murder effectively transferred to appellant the burden of negating the felony murder charge, and thus violated the Due Process Clause. He claims that an element of the affirmative defense (that defendant was not armed with a dangerous or deadly weapon) required him to disprove an element of the underlying robbery (that defendant or his accomplices were armed with a deadly weapon). The district court properly rejected appellant's Due Process argument in denying his petition for habeas corpus.

The Due Process Clause of the Fourteenth Amendment requires that in criminal cases, guilt be proven beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 361–64, 90 S.Ct. 1068, 1070–72, 25 L.Ed.2d 368 (1970). The Supreme Court has construed this Due Process requirement to mean that the prosecution must prove beyond a reasonable doubt "every fact necessary to constitute the crime charged," *Mullaney v. Wilbur*, 421 U.S. 684, 685, 95 S.Ct. 1881, 1883, 44 L.Ed.2d 508 (1975), or "every ingredient of an offense." *Patterson v. New York*, 432 U.S. 197, 215, 97 S.Ct. 2319, 2329, 53 L.Ed.2d 281 (1977). However, the prosecution need not disprove beyond a reasonable doubt "every fact constituting any and all affirmative defenses related to

the culpability of an accused." *Id.* at 210, 97 S.Ct. at 2327. The state has power to regulate the burden of producing evidence and the burden of persuasion unless in doing so it " 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental....' " *Id.* at 201–02, 97 S.Ct. at 2322–23 (quoting *Speiser v. Randall*, 357 U.S. 513, 523, 78 S.Ct. 1332, 1340, 2 L.Ed.2d 1460 (1958)).

The affirmative defense to felony murder, requiring appellant prove that he was not armed with a dangerous weapon, did not require him to disprove the element of the robbery charge that "the defendant *or his accomplices* were armed with a dangerous weapon." The prosecution did not necessarily have to prove that defendant was armed in order for the jury to find him guilty of robbery; the jury could have found that one of appellant's accomplices was armed. Since the element of the affirmative defense instruction objected to by appellant was not substantially the same as any element of the offense charged, the jury instruction did not unconstitutionally transfer to defendant the burden of proof for an element of the underlying crime.

Appellant also argues that the verdict is invalid under *Stromberg v. United States*, 283 U.S. 359, 367–68, 51 S.Ct. 532, 535, 75 L.Ed. 1117 (1931). He suggests that the jury could have convicted him of felony murder on either of two grounds, i.e., that he had a knife or his accomplice did. He proceeds, then, to argue that if it were the

---

(b) Uses or attempts to use a dangerous weapon; or

(c) Causes or attempts to cause serious physical injury to any person."

Or.Rev.Stat. 161.150 provides that a person is guilty of a crime "if it is committed by his own conduct or by the conduct of another person for which he is criminally liable, or both." Or.Rev.Stat. 161.155(2)(b) makes one "criminally liable for the conduct of another person constituting a crime if ... [w]ith the intent to promote or facilitate the commission of the crime he ... [a]ids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime...."

**3.** Or.Rev.Stat. 163.115(3) provided:

"(3) It is an affirmative defense to a charge of violating paragraph (b) ... of subsection (1) of this section that the defendant:

(a) Was not the only participant in the underlying crime; and

(b) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid in the commission thereof; and

(c) Was not armed with a dangerous or deadly weapon; and

(d) Had no reasonable ground to believe that any other participant was armed with a dangerous or deadly weapon; and

(e) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death, . . . ."

former, he was impermissibly imposed with the burden of proving that he, Burrows, did not have the knife. This argument is specious in light of the facts of this case. The felony murder indictment alleged *not* that appellant had murdered the victim, but that the accomplice, "Tiny" Roberts, had done so. The evidence was all to that effect. It was the theory presented by the prosecution under these facts. The trial court's abundant caution in instructing on first degree robbery and felony murder charges does not cast doubt on the general verdict.

AFFIRMED.