**Bernard B. ANGELL, Jr., Plaintiff,**

v.

**James A. LESLIE, et al., Defendants.**

**Civ. A. No. 5:85–1129.**

United States District Court,
S.D. West Virginia,
at Beckley.

Dec. 9, 1986.

James B. Lees, Jr., Preiser & Wilson, Charleston, W.Va., for plaintiff.

John W. Feuchtenberger, Kwass, Stone, McGhee & Feuchtenberger, Bluefield, W.Va., for defendants.

ORDER

HALLANAN, District Judge.

On the 18th day of August, 1986, came the parties, in person and by their respective counsel, for the purposes of a trial to the Court of the issues joined in this action in which the Plaintiff alleges that he was deprived of his constitutional rights by the actions of Defendants.

After hearing the testimony adduced at said bench trial and reviewing the documentary evidence submitted by both parties, the Court makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. Plaintiff Bernard B. Angell, Jr. (hereinafter "Angell") is a resident and citizen of Hinton, Summers County, West Virginia.

2. Plaintiff Angell was and is at all times relevant hereto a law enforcement officer employed by Defendant, City of Hinton, West Virginia.

3. Defendant James A. Leslie, Jr. (hereinafter "Leslie") is a resident and citizen of Hinton, Summers County, West Virginia.

4. Defendant Leslie was and is at all times relevant hereto the duly elected Mayor of the City of Hinton, West Virginia.

5. Defendant City of Hinton, West Virginia (hereinafter "City") is a West Virginia municipal corporation located in Summers County, West Virginia.

6. Defendant City was and is at all times relevant hereto represented by its duly elected agent, Defendant Leslie.

7. On or about March 26, 1985, Plaintiff arrested Mr. Edward Lee O'Bryan and charged O'Bryan with DUI under W.Va. Code § 17C–5–2.

8. Subsequent to said arrest, Plaintiff transported O'Bryan to a Summers County, West Virginia Magistrate for arraignment pursuant to the West Virginia Rules of Criminal Procedure.

9. Prior to said arrest, Plaintiff had been instructed by Defendant Leslie to take all DUI Defendants for arraignment before the Hinton Municipal Judge, Harry Keaton, as opposed to a state magistrate.

10. Prior to said arrest, Plaintiff had been instructed by Defendant Leslie that in the absence of the Municipal Judge, he was to use arrest warrants and jail commitment orders pre-signed by Defendant Leslie and Judge Keaton.

11. Prior to said arrest, Plaintiff had been instructed by Defendant Leslie to charge violators of the West Virginia State DUI law with a violation of a municipal DUI ordinance as opposed to a violation of the state statute.

12. Prior to said arrest, Plaintiff had communicated to Defendant Leslie his objections to Defendant's Leslie's instructions and the municipal ordinance. In spite of Plaintiff's objections, Plaintiff was told by Defendant Leslie to follow said instructions and said municipal ordinance.

13. Prior to Plaintiff's suspension, Defendant Leslie was told by Chief of Police Larry B. Keaton that the municipal ordinance was probably invalid.

14. Prior to Plaintiff's suspension, both Defendant Leslie and Chief of Police Larry B. Keaton knew that the use of pre-signed warrants and jail commitments was illegal.

15. On March 26, 1985, the Plaintiff was suspended without pay for seven (7) working shifts of duty by Defendant Leslie and Defendant City by its agent Defendant Leslie for failing to follow the above-mentioned directives.

16. Subsequent to said suspension, the Plaintiff retained counsel and appealed the suspension to the City of Hinton Police Civil Service Commission.

17. A hearing on such appeal was held before said Commission on April 10, 1985, after which the suspension was reduced from seven (7) days to one (1) day.

18. Plaintiff suffered a loss of one day's pay ($44.00) as a result of said suspension.

19. Plaintiff suffered embarrassment, humiliation, and damage to his reputation as a result of the suspension.

## Conclusions of Law

1. The Court has jurisdiction over the parties and the subject matter herein by virtue of 28 U.S.C. § 1343(3), and venue is proper pursuant to 28 U.S.C. § 1391.

2. Title 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

3. The City of Hinton is a person within the meaning of 42 U.S.C. § 1983.

4. The Defendant Leslie was agent for the City of Hinton and was authorized to act on behalf of the City.

■ 5. By virtue of the facts found by this Court as herein contained, Plaintiff proved a prima facie case of a violation of 42 U.S.C. § 1983 by Defendants by showing that Plaintiff was protected by the provisions of § 1983 and that Defendant's enforcement of the municipal policy or custom of using pre-signed warrants and jail commitments in furtherance of a facially invalid ordinance deprived Plaintiff of his First Amendment right of free expression, inasmuch as the Court finds that Plaintiff's refusal to follow this patently illegal municipal policy constitutes symbolic speech. *Thomas v. City of New Orleans*, 687 F.2d 80 (5th Cir.1982). See generally *Garner v. Louisiana*, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961); *Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931); *West Virginia Board of Education v. Barnette*, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943); *United States v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); *Tinker v. Des Moines School District*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 222 (1969); *Street v. New York*, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969).

6. Defendants failed to meet their burden of proving evidence to rebut Plaintiff's evidence.

7. Defendants Leslie and City acted with reckless or careless disregard for the rights of Plaintiff when Defendants suspended Plaintiff for proceeding under West Virginia law rather than Defendant's prescribed illegal procedures and ordinance. *Thomas v. City of New Orleans*, 687 F.2d 80 (5th Cir.1982).

■ 8. Plaintiff is entitled to an award of damages in the amount of $10,000.00 compensatory damages and $20,000.00 punitive damages.

9. Plaintiff is entitled to recover reasonable attorney's fees and court costs incurred in prosecuting this action. 42 U.S.C. § 2000e-5(k).

Accordingly, it is hereby ORDERED that Defendant Leslie and City of Hinton shall pay to Plaintiff the sum of $30,000.00 within 90 days from the date of this Order.

With respect to the issue of attorney's fees and costs Plaintiff's counsel shall submit an itemized listing of Plaintiff's claim together with appropriate documentation therewith no later than thirty (30) days of the date of this Order.

Defendant shall file a response thereto if Defendants desire to contest the amount of said petition within twenty (20) days following submission of the same to the Court.

The Clerk of Court is directed to mail a certified copy of this Order to all counsel of record. An appropriate Judgment Order in this action shall be entered forthwith.