KITCHENS, Justice,
dissenting:
¶ 35. I respectfully dissent because the jury verdict of “guilty of capital murder” was compromised. The capital murder jury instruction included both the crime of deliberate design murder, defined in Mississippi Code Section 97 — 3—19(l)(a) (Rev. 2006), and the crime of depraved heart murder, defined in Mississippi Code Section 97-3-19(l)(b) (Rev.2006). This jury instruction did not foreclose some jurors’ finding that Franklin Fitzpatrick committed deliberate design capital murder, while, concomitantly, allowing other jurors to find him guilty of depraved.heart capital murder. The prosecution was, therefore, relieved of its burden of proving its theory of the case beyond a reasonable doubt, and it cannot be said that the verdict was unanimous, whereby all twelve jurors agreed to convict the defendant of the same crime.
¶ 36. The indictment charged that Fitzpatrick “did unlawfully, willfully and felo-niously, without authority of law and with the deliberate design to effect death, kill and murder Dewayne Crenshaw, a Deputy *523 Sheriff, while Dewayne Crenshaw was acting in his official capacity as a Deputy Sheriff ... in violation of the provisions of [Mississippi Code] Section 97-3-19(2)(a)_”[6] (Emphasis added.) Mississippi Code Section 97-3-19(1) defines “murder:”
(1) The killing óf a human being without the authority of law by any means or in any manner shall be murder in the following cases:
(a) When done with deliberate design to effect the death of the person killed, dr of any human being;
(b) When done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual;
Miss.Code Ann. § 97 — 3—19(l)(a), (b) (Rev. 2006) (emphasis added).
¶ 37. In spite of the statutory language set forth above and notwithstanding the attempted specificity with which Fitzpatrick was indicted, the jury was instructed as follows:
THE COURT instructs you the jury that in order to find Mr. Fitzpatrick guilty of capital murder of Dewayne Crenshaw, you must find that each of the following elements of capital murder have been met:
1.) The deceased, Dewayne Cren-shaw, was a living person; and
2.) On or about December 3, 2010, in Tippah County, Mississippi, the defendant, Franklin ■ Fitzpatrick, did willfully and feloniously, without the authority of law with deliberate design, kill and murder Dewayne Crenshaw or that the defendant, Franklin Fitzpatrick, did kill Dewayne Crenshaw while in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless .of human life, although without any premeditated design to effect the death of an particular individual and;
3.) That, Dewayne Crenshaw, at the time of his murder, was a law enforcement officer in the line of duty for the Tippah County Sheriffs Department, and the defendant, Franklin Fitzpatrick, knew or should have known Dewayne Cren-shaw was a law enforcement officer [7] in the line of duty,
then you shall find the Defendant, Franklin Fitzpatrick, “guilty” as charged of capital murder.
(Emphasis added.)
¶ 38. It is true, as the majority relates, that the crime of deliberate design murder has “been coalesced” with the crime of depraved heart murder, since, “as a matter of common sense, every murder done with deliberate design to effect the death of another human being is by definition done in the commission of an act imminently dangerous to others and evincing a de *524 praved heart, regardless of human life.” Hawkins v. State, 101 So.3d 638, 642 (Miss.2012) (internal citations omitted); accord Catchings v. State, 684 So.2d 591, 599 (Miss.1996). In the case of Hawkins v. State, the defendant had argued to this Court that premeditation was required for him to receive a conviction for capital murder, and we rejected his argument. Hawkins, 101 So.3d at 643. But none of the cases in which we have held that depraved heart murder is subsumed into deliberate design murder contemplated the context of Mississippi Code Section 97-3-19(2)(a), which provides:
(2) The killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases:
(a) Murder which is perpetrated by killing a peace officer or fireman while such officer or fireman is acting in his official capacity or by reason of an act performed in his official capacity, and with knowledge that the victim was a peace officer or fireman.
Miss. Code Ann. § 97-3-19(2)(a) (Rev. 2006).
¶ 39. While the majority is correct that the statute does not require deliberate design, this Court has not considered the troublesome nature of instructing the jury on capital murder of a peace officer, with murder having been defined as either deliberate design murder or depraved heart murder. Fitzpatrick contends in his brief to this Court that the “jury in this case was allowed to convict Fitzpatrick of capital murder of a peace officer if it found that he either committed deliberate design murder or depraved heart [murder].” (Emphasis in original.)
¶40. This Court has held that, “[i]f a jury has been instructed that it may rely on any one of two or more independent grounds, and one of those grounds is insufficient, a subsequent general verdict of guilty must be set aside because the verdict may have rested exclusively on the insufficient ground.” Phillips v. State, 493 So.2d 350, 355 (Miss.1986) (citing Stromberg v. California, 283 U.S. 359, 369-70, 51 S.Ct. 532, 535-36, 75 L.Ed. 1117 (1931)) (emphasis in original). Stated differently, a “general verdict must be ‘set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected.’” Phillips, 493 So.2d at 355 (quoting Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), overruled on other grounds by Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)) (emphasis added).
¶ 41. This Court recognized in Hawkins that “while all depraved heart murder ‘subsumes’ deliberate design murder,” Catchings, 684 So.2d at 599 (quoting Mallett v. State, 606 So.2d 1092, 1095 (Miss.1992)), “the inverse is not true.” Hawkins, 101 So.3d at 642. “In other words, all murders committed with ‘deliberate design to effect the death of the person killed’ necessarily require a ‘depraved heart,’ but depraved heart murder does not require premeditated design.” Id. (quoting Miss.Code Ann. § 97-3-19(1)(a), (b) (Rev.2014)).
¶ 42. The jury’s verdict in the present case was as follows: “We the jury, find the defendant, Franklin Fitzpatrick, guilty of capital murder.” Consequently, “it is impossible to tell which ground the jury selected,” whether it was deliberate design murder (for which Fitzpatrick had been indicted) or depraved heart murder. See Phillips, 493 So.2d at 355. In other words, if the jury (or some of its members) found that Fitzpatrick was guilty of capital murder of a peace officer and those jurors *525 found that depraved heart murder was the applicable definition of “murder,” then Fitzpatrick could not have been found concurrently guilty of deliberate design capital murder. See Hawkins, 101 So.3d at 642 (internal citations omitted). A finding by the jury that Fitzpatrick was guilty of depraved heart capital murder of a peace officer would have rendered the deliberate design theory of capital murder of a peace officer unsupportable. Because the record is devoid of such information,[8] the general verdict of “guilty of capital murder” cannot stand. See Phillips, 493 So.2d at 355.
¶ 43. I would reverse and remand for a new trial, in which the jury instruction defining the crime of capital murder of a peace officer under Mississippi Code Section 97 — 3—19(2)(a) (Rev.2006) conforms to the indictment, which alleged that Fitzpatrick murdered Deputy Crenshaw by deliberate design under Mississippi Code Section 97 — 3—19(l)(a) (Rev.2006).
DICKINSON, P.J., KING AND COLEMAN, JJ., JOIN THIS OPINION.

. I note that, although this issue was not raised by Fitzpatrick on appeal, the indictment under which Fitzpatrick was charged does not, apart from mentioning Section 97-3 — 19(2)(a) (Rev.2006), correctly state the crime of which Fitzpatrick was accused. There is no mention of “peace officer” or "state ... law enforcement officer,” as Section 97-3-19(2)(a) specifies. Nor does the indictment allege that Fitzpatrick possessed "knowledge that the victim was a peace officer ...” in accordance with Section 97-3-19(2)(a).

. As stated in Footnote 1 above, the indictment is devoid of any allegation that Fitzpatrick murdered "a law enforcement officer,” as required by Section 99-3-19(2)(a).

. The jury was polled, but the responses provided by the individual jurors shed no light on which theory or theories the jury selected,