NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff-Appellee,<br><br>  v.<br><br>JOSE LUIS HERNANDEZ,<br><br>             Defendant-Appellant. | No.   16-56675<br><br>D.C. Nos.<br>3:16-cv-01452-H<br>3:10-cr-03173-H-3<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>             Plaintiff-Appellee,<br><br>  v.<br><br>JULIAN MONDRAGON-HERNANDEZ,<br>AKA David Rojas,<br><br>             Defendant-Appellant. | No.   17-55385<br><br>D.C. Nos.<br>3:16-cv-01537-H<br>3:10-cr-03173-H-1 |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted August 14, 2020**
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW and CLIFTON, Circuit Judges, and CHOE-GROVES,*** Judge.

Jose Luis Hernandez and Julian Mondragon-Hernandez (collectively, the "Defendants") were convicted by jury trial of conspiracy to commit Hobbs Act robbery, conspiracy to possess cocaine with intent to distribute, and firearms offenses under 18 U.S.C. § 924(c). Defendants now appeal the denials of their 28 U.S.C. § 2255 motions to vacate, set aside or correct their convictions arising under § 924(c), for which they were each sentenced to a 60-month term of imprisonment. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

1.      The jury was instructed that to convict on the firearms charge under § 924(c) it had to find beyond a reasonable doubt that Defendants possessed a firearm in furtherance of the drug conspiracy *or* the conspiracy to commit Hobbs Act Robbery. The jury verdict form for the § 924(c) conviction did not specify which predicate offense the jury relied upon. In light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that § 924(c)(3)(B) is unconstitutionally vague, the parties now agree that the instruction was erroneous because conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence and thus is not a predicate offense for the § 924(c) conviction.

---

*** The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

2

2.      We need not reach the question of whether the Government waived its argument that this error was harmless because we would nonetheless excuse it.  All three *Rodriguez* factors—"(1) the length and complexity of the record, (2) whether the harmlessness of an error is certain or debatable, and (3) the futility and costliness of reversal and further litigation"—weigh in favor of excusing any possible waiver by the Government.  *United States v. Rodriguez*, 880 F.3d 1151, 1164 (9th Cir. 2018).  For the first factor, the record in this case, which spans just over a year, is not sufficiently lengthy or complex so as to "render the harmlessness inquiry a burdensome one."  *Id.*  As for the second and third, the record demonstrates that the instructional error was harmless, so reversal would lead only to costly, and ultimately futile, further litigation.

3.      Because the error did not have a "substantial and injurious effect or influence in determining the jury's verdict," it was harmless.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal citation omitted); *Pulido v. Chrones*, 629 F.3d 1007, 1012 (9th Cir. 2010).  Defendants' argument that *Stromberg v. California*, 283 U.S. 359 (1931), mandates reversal is foreclosed because "drawing a distinction between alternative-theory [*Stromberg*] error and the instructional errors in *Neder*, *Roy*, *Pope*, and *Rose* would be patently illogical." *Hedgpeth v. Pulido*, 555 U.S. 57, 61 (2008).

As the trial record makes clear, Defendants' § 924(c) convictions are independently supported by the drug trafficking conspiracy offense, and Defendants committed two different predicate offenses while possessing a firearm—a Hobbs Act conspiracy that was inextricably intertwined with a conspiracy to possess cocaine with intent to distribute.

**AFFIRMED.**