Mark E. QUIGLEY, Petitioner, Appellant,

v.

George VOSE, Superintendent of MCI–Norfolk, Respondent, Appellee.

No. 87–1561.

United States Court of Appeals, First Circuit.

Heard Nov. 6, 1987.

Decided Nov. 25, 1987.

Jane Climenko Gottschalk, Cambridge, Mass., by Appointment of the Court, for petitioner.

Linda G. Katz, Asst. Atty. Gen., Criminal Bureau, with whom James M. Shannon, Atty. Gen., Boston, Mass., was on brief for respondent.

Before BOWNES and SELYA, Circuit Judges, and CAFFREY,* Senior District Judge.

PER CURIAM.

Mark E. Quigley, petitioner-appellant, was tried in a Massachusetts state court and convicted of second degree murder. His conviction was affirmed by the Massachusetts Supreme Judicial Court (SJC). *Commonwealth v. Quigley*, 391 Mass. 461, 462 N.E.2d 92 (1984), *cert. denied*, 471 U.S. 1115, 105 S.Ct. 2356, 86 L.Ed.2d 258 (1985).

After his state remedies were exhausted, Quigley brought a petition for habeas review in the United States District Court for the District of Massachusetts. 28 U.S.C. §§ 2241–54. The court referred the petition to a United States magistrate for preliminary consideration. *See* Rule 10, 28 foll. § 2254; *see also* Rules for United States Magistrates (D.Mass), Rule 3(a). In a scholarly report and recommendation dated February 18, 1987 (Report), the magistrate suggested that the habeas application be summarily rejected. Petitioner objected. The district court nevertheless adopted the Report, accepted the recommendation, and dismissed the habeas case. The petitioner applied for, and received, a certificate of probable cause and thereupon prosecuted this appeal. We affirm the dismissal.

Quigley argues before us, as he did before the state courts and the federal district court, that his conviction is flawed because the trial judge's instructions to the jury were constitutionally defective. In his view, those instructions directed a mandatory conclusion as to intent (an essential element of the second degree murder charge) once certain predicate facts were found. This, Quigley argues, transgressed the rule laid down by the Court in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). From that point forward, appellant rides two horses in tandem: he urges that such a miscue automatically require sreversal of his state conviction; and in the event we are hesitant to invoke a *per se* rule, he tells us that the error substantially affected the outcome of his case.

We resist the temptation to repastinate ground already well-spaded by other tribunals which have heard—and overruled—these selfsame arguments. *E.g., Commonwealth v. Quigley*, 462 N.E.2d at 95; Report at 7–12 & nn. 7–9. For purposes of this appeal, we can assume *arguendo* that the charge was infirm in somewhat the manner advocated by the petitioner. *See Commonwealth v. Quigley*, 462 N.E.2d at 96. But, the record belies the conclusions which appellant would have us draw from that premise. Notwithstanding the impair-

* Of the District of Massachusetts, sitting by designation.

ment in the charge, we believe the instant application was deservedly dismissed.

■ As we see it, *Rose v. Clark*, — U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), controls this case. *Rose* clearly established that a *Sandstrom*-type defect in jury instructions does not "automatically require reversal of an otherwise valid conviction." *Id.* at 3107 (footnote omitted). To the exact contrary, an improper burden-shifting instruction must be subjected to harmless error analysis. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See also United States v. Argentine*, 814 F.2d 783, 788–90 (1st Cir.1987).

Quigley's counsel makes an ingenious—but ultimately unpersuasive—contention that *Rose* does not apply to this case. That contention prescinds from the hoary decision in *Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931). To be sure, *Stromberg* was not *explicitly* overruled by the *Rose* Court; indeed, it was not mentioned. Yet we have no doubt but that *Rose* plainly trumps *Stromberg* for the purposes at hand. Once the camouflage is stripped away, petitioner's assertion reduces to the strange claim that, because the jury here received both a "good" charge and a "bad" charge on the issue, the error was somehow more pernicious than in *Rose*—where the *only* charge on the critical issue was a mistaken one. That assertion cannot possibly be right, so it is plainly wrong.

■ The determination that *Rose* holds sway effectively ends the battle. Given the nature of the predicate acts and the way in which they were committed—an array of facts that the Commonwealth established at trial by the overwhelming weight of the evidence—habeas redress is not in order. The harmless error analysis conducted by the magistrate, *see* Report at 8–11, cannot be faulted. In Quigley's case, there exists no reasonable possibility that the benighted portion of the charge skewed the trial's result. Under the *Chapman* standard, the instructional mistake—assuming that one was made—"was harmless

beyond a reasonable doubt." 386 U.S. at 24, 87 S.Ct. at 828.

We need go no further. The district court did not err when it denied and dismissed the application. For substantially the reasons elucidated by the SJC, the magistrate, and the district court, the judgment below should be

*Affirmed.*