**UNITED STATES of America ex rel. Tyrone HOLLOWAY, Petitioner,**

v.

**George E. DETELLA, Warden and James E. Ryan, Illinois Attorney General, Respondents.**

No. 96 C 5587.

United States District Court, N.D. Illinois, Eastern Division.

May 27, 1997.

Tyrone Holloway, Stateville Correctional Center, Joliet, IL, pro se.

Michael Marc Glick, Ill. Attorney General's Office, Chicago, IL, Arleen C. Anderson, Attorney General's Office, Chicago, IL, for Respondents.

### OPINION AND ORDER

NORGLE, District Judge.

Before the court is Petitioner Tyrone Holloway's ("Holloway") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Petition is denied.

### I.  FACTS

Rendering a general verdict, a jury in the Circuit Court of Cook County, Illinois, found Petitioner Tyrone Holloway ("Holloway") guilty of separate counts of murder, aggravated arson, armed robbery, and burglary. He received the following sentences: murder—natural life; aggravated arson—sixty years; armed robbery—sixty years; and burglary—fourteen years. *People v. Holloway*, 119 Ill.App.3d 1014, 75 Ill.Dec. 472, 474, 457 N.E.2d 466, 468 (1983). In short, the jury found that Holloway and an accomplice broke into the house of an elderly woman, beat her to death, or to the verge of death, with a golf club, robbed her, and set fire to her home.

The murder instruction to the jury read as follows:

- To sustain the charge of murder, the State must prove the following propositions:
  - First: That the defendant, or one for whose conduct he is responsible, performed the acts which caused the death of Inez Lazzari.
  - Second: That when the defendant, or one for whose conduct he is responsible, did so,
    - he intended to kill or do great bodily harm to Inez Lazzari; or
    - he knew that his act would cause death or great bodily harm to Inez Lazzari, or
    - he knew that his acts created a strong probability of death or great bodily harm to Inez Lazzari, or
    - he was attempting to commit or was committing the crimes of aggravated arson, or burglary, or armed robbery.
- If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.
- If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

(R. 452–53 (*quoted in* Resp. Answ. at 12–13).)

Holloway appealed his convictions to the Illinois Appellate Court, First District. The appellate court affirmed Holloway's convictions on November 28, 1983. However, the appellate court modified Holloway's sentence for murder from life to forty years with an extended term of forty years, and affirmed the remaining sentences. *Id.* Following the affirmance of his convictions and sentences on direct appeal, Holloway failed to file a petition for leave to appeal to the Illinois Supreme Court.

After Holloway's direct appeal, the Illinois Supreme Court held unconstitutional the aggravated arson statute under which the jury convicted Holloway. Consequently, on March 15, 1988, Holloway filed a *pro se* petition for post-conviction relief in state court. On June 27, 1991, the trial court dismissed the petition.

Holloway appealed the dismissal of his post-conviction petition. In so doing, he raised several issues, including, *inter alia,* the following: whether his conviction for aggravated arson was void because the aggravated arson statute under which he was convicted was subsequently found unconstitutional.

On March 31, 1995, the Illinois Appellate Court vacated Holloway's conviction and sentence for aggravated arson, based on the unconstitutionality of the statute. That court also reduced Holloway's armed robbery and burglary sentences for reasons not relevant to the instant opinion.

The appellate court otherwise affirmed the dismissal of the post-conviction petition. It did so despite Holloway's argument, raised for the first time, that his murder conviction must be vacated because the jury may have found him guilty of felony murder predicated on the unconstitutional aggravated arson count. The totality of the appellate court's analysis on this issue follows:

> The defendant was charged with several counts of murder, including intentional murder and felony murder predicated on aggravated arson, and the jury was instructed on those offenses. There is no reason to assume here that the defendant was convicted on felony murder predicated on aggravated arson. Because the jury returned a general verdict, the defendant is considered guilty of any count to which the proof was applicable. The evidence presented at trial established that the defendant and his friend beat the victim and set her apartment on fire. This evidence supported a finding of intentional murder and as a result, the defendant's murder conviction is valid.

*Illinois v. Holloway,* No. 1–92–0613, 80 I. 5380, at 4 (Ill.App.Ct. Mar. 31, 1995).

Subsequently, Holloway filed a petition for leave to appeal from the affirmance of the dismissal of his post-conviction petition to the Illinois Supreme Court. In the Illinois Supreme Court petition, Holloway raised a single claim: that his conviction for murder should be vacated and remanded for a new trial because, given its general verdict, the jury may have found him guilty of felony murder predicated on the unconstitutional aggravated arson count. On June 1, 1995, the Illinois Supreme Court denied the petition for leave to appeal.

Holloway then filed the instant petition. He asserts that he was denied due process and equal protection because the jury may have found him guilty of felony murder predicated on the unconstitutional aggravated arson count.

Holloway has exhausted his state court remedies, in that he is foreclosed from further pursuing his constitutional claims in a state forum. *See* 725 ILCS 5/122–1—5/122–3. Holloway is currently in the custody of Defendant Warden George E. DeTella at Stateville Correctional Center in Joliet, Illinois.

## II. DISCUSSION

Holloway must comply with the requirements of the Antiterrorism & Effective Death Penalty Act of 1996 ("AEDPA") before he will receive consideration of his claim on its merits. *See* 28 U.S.C. § 2254; *see Sweeney v. Parke,* 113 F.3d 716, 718–19 (7th Cir.1997); *Lindh v. Murphy,* 96 F.3d 856 (7th Cir.1996) (holding that AEDPA noncapital habeas corpus reform provisions are effective as of April 24, 1996).

Holloway does not challenge the statement of facts set forth by the Illinois appellate court on direct appeal or on post-conviction review. Those facts are presumed correct for purposes of the court's review. *See* 28 U.S.C. § 2254(e)(1).

Pursuant to the AEDPA, Holloway may secure a writ of habeas corpus if he demonstrates that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of

the United States." 28 U.S.C. § 2254(d)(1). The AEDPA requires the court to "give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law 'as determined by the Supreme Court of the United States' [rather than the law determined by other federal courts] that prevails." *Lindh*, 96 F.3d at 869. Where mixed questions of law and fact arise, federal courts will not grant collateral relief from state court judgments unless the state court's judgment is "unreasonable." Id. at 870. The AEDPA "tells federal courts: Hands off, unless the judgment in place is based on an error grave enough to be called 'unreasonable.'" *Id.* "Unreasonable[ness]" equates to a demonstration of incorrectness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

Although Holloway does not specifically mention the AEDPA in his petition, filed well-after the AEDPA effective date, his claim falls under 28 U.S.C. § 2254(d)(1), as he argues that the appellate court's decision was contrary to established United States Supreme Court decisions. As such, Holloway must point to specific Supreme Court decisions upon which the court can base its analysis.

■ Holloway has pointed to two Supreme Court decisions: (1) *Griffin v. United States*, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), and (2) *Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931). In *Griffin*, the jury received an instruction which provided for a finding of guilty based on one of two alternative grounds. *Id.* at 46–48, 112 S.Ct. at 468. The evidence was sufficient for a conviction under one, but not the other, alternative. *Id.* The *Griffin* jury returned a general verdict of guilty. *Id.* The Supreme Court held that neither the Due Process clause of the Fifth Amendment nor Supreme Court precedent required reversal of a general guilty verdict where the evidence was inadequate for conviction on one alternative. *Id.* at 58–60, 112 S.Ct. at 474. Thus, upon a cursory glance, it would appear that *Griffin* runs contrary to Holloway's argument regarding the instant issue.

However, the *Griffin* Court distinguished its situation, which involved a factually unsupported alternative, from that of *Stromberg*, which involved a constitutionally inadequate alternative. *Id.* at 52–54, 112 S.Ct. at 471. The *Stromberg* scenario is closer to the instant situation than is *Griffin:* Holloway challenges the felony murder verdict based on the unconstitutional aggravated arson alternative, rather than on the factual adequacy of the evidence of felony murder.

The *Stromberg* jury returned a general verdict upon an instruction which included two alternatives, one of which was unconstitutional. *Stromberg*, 283 U.S. at 361–63, 51 S.Ct. at 533. At trial, the State's attorney "emphatically urged upon the jury that they could convict" Stromberg under one of the alternatives alone, without regard to the other clauses. *Id.* at 366–69, 51 S.Ct. at 535. Stromberg stands for "the principle that, where a provision of the Constitution forbids conviction on a particular ground, the constitutional guarantee is violated by a general verdict that may have rested on that ground." *Griffin*, 502 U.S. at 53, 112 S.Ct. at 471. This principle springs from the notion that "[j]urors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law—whether, for example, the action in question is protected by the Constitution. . . ." *Id.* at 59, 112 S.Ct. at 474.

In *Zant v. Stephens*, 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983), the Supreme Court reiterated the *Stromberg* rule: courts must set aside a general verdict where a jury is instructed that it may rely on any of two or more independent alternatives, and one of those alternatives is insufficient, because the jury may have rested exclusively on the insufficient alternative. *Id.* at 881–82, 103 S.Ct. at 2745. However, the *Zant* Court found *Stromberg* inapplicable. The issue in *Zant* was whether a death sentence must be vacated where "one of three statutory aggravating circumstances found by the jury was subsequently held . . . invalid" by the state supreme court, although the state supreme court specifically upheld the other two aggravating circumstances. *Id.* at 863, 103 S.Ct. at 2736. The *Zant* jury specifically designat-

ed that it found the two valid aggravating circumstances. *Id.* at 865–67, 103 S.Ct. at 2737. · Thus, unlike the situation presented in *Stromberg,* where the Court did not know whether the jury's verdict was constitutionally supportable, the *Zant* Court knew that the jury had found circumstances validly supporting its verdict.

Again, in the instant case, Holloway's felony murder instruction included several alternative elements. The trial court required the jury to find (1) that Holloway (or one for whose conduct he is responsible) performed the acts causing the victim's death AND (2) that Holloway (or one for whose conduct he is responsible) did so EITHER (a) with intent to kill/do great bodily harm to the victim OR (b) knowing that his act would cause death/great bodily harm to the victim OR (c) he knew that his acts created a strong probability of death/great bodily harm to the victim OR (d) he was attempting to commit or was committing the crimes of aggravated arson, OR burglary OR armed robbery.

Thus, the instruction provided that the jury could return a verdict of guilty for intentional or knowing murder *but also* for any one of three conjunctive bases of felony murder (namely, aggravated arson, burglary, and armed robbery). Holloway only challenges the felony murder portion of the instruction, specifically, that part referring to aggravated arson. Because the court cannot know whether the instant jury found Holloway guilty for intentional/knowing murder or for felony murder, the court will assume *arguendo,* for the rest of this opinion, that the jury found him guilty for felony murder, the challenged instruction.

The jury returned a general verdict of guilty on the felony murder charge. However, the jury also found Holloway guilty of each of the predicate felonies: aggravated arson (subsequently found unconstitutional), armed robbery, and burglary. Thus, Holloway's case is different than that of *Stromberg,* and more analogous to *Zant.*

In *Stromberg,* the general verdict at issue involved only a one-count indictment. *See Stromberg,* 283 U.S. at 361–63, 51 S.Ct. at 533. The *Stromberg* Court was unable to tell whether the jury based its verdict upon the unconstitutional or constitutional alternative, or both. In the instant case, like the *Zant* Court, the court knows that the jury convicted on both alternatives, as the jury rendered a general guilty verdict on the murder count and on the separate counts of aggravated arson, armed robbery, and burglary.[1]

Thus, the court knows that the instant jury found Holloway guilty of all elements of felony murder, regardless of the unconstitutional aggravated arson alternative. Again, the instruction required a finding of both of the following elements: (1) that Holloway (or one for whose acts he is responsible) committed the acts causing the victims death AND (2) a predicate felony. The court knows that the jury found that Holloway (or one for whose conduct he is responsible) performed the acts causing the victims' death, as that element was necessary for any felony murder conviction, regardless of the predicate felony. Because the instant jury's verdict applied to several counts, the court also knows that the instant jury found that Holloway was attempting to commit the crimes of burglary and armed robbery (as well as aggravated arson under the unconstitutional statute).

Therefore, unlike the *Stromberg* jury, the instant jury found Holloway guilty of both (constitutional) elements of felony murder: committing the acts, as well as two (constitutional) predicate felonies. Like the *Zant* jury, the jury expressly found predicate felonies "that were valid and legally sufficient" to support the felony murder conviction. *See Zant,* 462 U.S. at 881–82, 103 S.Ct. at 2745.

"The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." *United States v. Gaudin,* 515 U.S. 506, —— – ——, 115 S.Ct. 2310, 2319–20, 132 L.Ed.2d 444 (1995). With regard to the mur-

---

1. The Court also notes another distinction from the *Stromberg* situation. The unconstitutional alternative in *Stromberg* involved conviction for engaging in conduct protected by the First Amendment. In the instant case, there is no suggestion that any of Holloway's relevant conduct was constitutionally protected, or that the challenged instruction treated constitutionally protected conduct as a basis for conviction. *See Zant,* 462 U.S. at 882–84, 103 S.Ct. at 2746.

der charge, Holloway received this right; there is no doubt that the jury found him guilty of committing the acts which caused the victims death and of two (constitutional) predicate felonies. Those elements make up the crime of felony murder. There is no doubt that the jury would have found Holloway guilty in the absence of the aggravated arson instruction. As such, the unconstitutional arson conviction does not require vacation of the felony murder conviction.

### III. CONCLUSION

Thus, pursuant to *Zant* and the other cases discussed above, Holloway's murder conviction is not void. Consequently, the court cannot say that the opinion of the Illinois appellate court on the instant issue "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). Although the Illinois appellate court may not have engaged in specific analysis of Supreme Court cases, the court finds that the appellate court's holding does not oppose those applicable Supreme Court cases. Accordingly, Holloway's petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.