[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10212

Non-Argument Calendar

_____

DERRICK HERRON,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-24313-CMA

_____

Before JILL PRYOR and BRASHER, Circuit Judges.[1]

PER CURIAM:

We GRANT Herron's petition for panel rehearing, vacate our prior opinion in this case, and substitute the following opinion to reflect that it is rendered by a quorum of the panel.

Derrick Herron, a federal prisoner, appeals the district court's denial of his authorized second or successive 28 U.S.C. § 2255 motion to vacate. After careful review, we affirm.

## I.

Herron was indicted, and eventually convicted, on a charge that he violated 18 U.S.C. § 924(o). Section 924(o) criminalizes conspiracy "to commit an offense under subsection (c)" of § 924, and subsection (c) provides enhanced penalties for "any person who, during and in relation to any crime of violence or drug trafficking crime," uses or carries a firearm. 18 U.S.C. § 924(c)(1)(A), (o). As relevant to this appeal, at the time of Herron's conviction § 924(c) defined "crime of violence" to include a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). This subsection came to be

---

[1] In response to the petition for rehearing filed by Herron, Judge Barbara Lagoa recused herself from consideration of this appeal. Because the remaining members of the panel are in agreement, the appeal is decided by a quorum. *See* 28 U.S.C. § 46(d).

known as the "residual clause" of § 924(c). *See United States v. Davis*, 139 S. Ct. 2319, 2323, 2325–26 (2019).

Herron appealed his conspiracy conviction and sentence. In so doing he did not argue that § 924(c)'s residual clause was void for vagueness. We affirmed. *See United States v. Brown*, 227 F. App'x 795, 797–99, 804 (11th Cir. 2007) (unpublished). Herron filed a first § 2255 motion in 2008. He did not allege that § 924(c)'s residual clause was unconstitutionally vague. The district court denied the motion.

In 2019, after the Supreme Court held unconstitutional as void for vagueness the residual clause in 18 U.S.C. § 924(c), *see Davis*, 139 S. Ct. at 2323–24, Herron applied to this Court for leave to file a second or successive § 2255 motion. We granted his application.

Herron moved in the district court for relief under § 2255. He argued that *Davis* invalidated his § 924(o) conviction. He acknowledged that his § 924(o) charge was predicated on crimes of violence (conspiracy to commit Hobbs Act robbery and Hobbs Act robbery) and a drug trafficking crime, and that Hobbs Act robbery and the drug crime were valid predicate offenses. But, he argued, relief was warranted because it was "impossible to tell" whether his conviction was predicated on a valid predicate offense or on the Hobbs Act conspiracy (which would render his conviction invalid).

Doc. 6 at 6 (quoting *Stromberg v. California*, 283 U.S. 359, 368 (1931)).[2]

The district court denied the motion. The court determined that Herron had procedurally defaulted his claim by failing to challenge § 924(c)'s residual clause at sentencing or on direct appeal. The court concluded that Herron had shown cause to overcome the default, but not actual prejudice. The court agreed with Herron that "*Stromberg* error is shown here," but concluded that any such error was harmless because the valid and now-invalid predicate offenses were "inextricably intertwined" with one another. Doc. 14 at 14.

The district court granted Herron a COA on three issues: (1) whether the district court erred in determining that he failed to show prejudice to overcome the procedural default; (2) whether the court erred in applying a harmless-error review standard to the alleged *Stromberg* error; and (3) whether the court erred in determining that any error was harmless. This is Herron's appeal.

## II.

When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review *de novo* whether procedural default precludes a § 2255

---

[2] "Doc." numbers refer to district court docket entries.

petitioner's claim, which is a mixed question of law and fact. *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021).

## III.

On appeal Herron argues that he has shown prejudice to overcome the procedural default. He acknowledges that there may have been valid predicates to support his § 924(o) conviction but says that, under *Stromberg*, it is impossible for the court to discern that his conviction rested on a valid predicate, so relief must be granted. We need not reach Herron's arguments about prejudice and *Stromberg* error because his challenge is foreclosed for another reason: he cannot show cause to overcome the procedural default.

Although the scope of review in a § 2255 appeal is limited to issues specified in the COA, we read the COA to encompass procedural issues that must be resolved before we may reach the merits of the underlying claim, including the requirements to overcome a procedural default. *See McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). And we may affirm the judgment of the district court on any ground supported by the record. *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014).

The district court correctly determined that Herron's claim that the residual clause in § 924(c) is void for vagueness was procedurally defaulted because Herron failed to raise the argument during his sentencing or on direct appeal. *See Granda*, 990 F.3d at 1285–86. To overcome a procedural default, a movant must show both cause for the default and actual prejudice stemming from the

alleged error.[3] *Id.* at 1286. Although the district court concluded that Herron had shown cause to overcome the default, that conclusion is wrong under *Granda*, where we held that a movant could not show cause for failing to raise a vagueness challenge to § 924(c) because "he did not then lack the building blocks of a due process challenge" to the residual clause. *Id.* at 1287 (internal quotation marks omitted).

Herron argues that his case is distinguishable from Granda's. Granda's "best argument" that he lacked the building blocks of a due process challenge at the time of his direct appeal was "that at the time of that appeal, *James v. United States*, 550 U.S. 192, 210 n.6 (2007), had directly rejected the argument that the . . . residual clause [in a similar statute, the Armed Career Criminal Act ("ACCA"),] was unconstitutionally vague." *Id.* at 1287. Thus, Granda argued, *James* had "deprive[d] litigants of the tools" to mount the challenge he brought to § 924(c)'s residual clause. *Id.*

We rejected that argument. We explained that *James* concerned a different statute, so it was not on point. *Id.* Plus, in that decision several justices averred that ACCA's residual clause may be susceptible to a vagueness challenge. *Id.* After *James*, litigants challenged ACCA's residual clause, and if *James* did not deprive

---

[3] A movant may also overcome a procedural default by showing that he is actually innocent of the offense of conviction. *See Granda*, 990 F.3d at 1286. Herron has not argued on appeal that he is actually innocent of his § 924(o) conviction.

these litigants of the tools to challenge their convictions, "it surely did not deprive them of the tools to challenge the § 924(c) residual clause, a clause to which *James* did not even apply." *Id.* "Moreover, the case law extant at the time of Granda's appeal confirm[ed] that he did not then lack the building blocks of a due process vagueness challenge to the § 924(c) residual clause." *Id.* (internal quotation marks omitted) (citing cases ranging in dates from 1986 through 2007 challenging various portions of § 924(c)).

Herron notes that his direct appeal was decided before *James*. He asserts that before *James* "no litigants had contended that the §924(c) residual clause was . . . vague." Appellant Br. at 22. Setting aside whether it is true that the argument had not been made—Herron provides no citation in support of his assertion— "the behavior of other litigants is not the whole of the inquiry." *Granda*, 990 F.3d at 1288. "[E]ven if others have not been raising a claim, the claim may still be unnovel if a review of the historical roots and development of the general issue involved indicate that petitioners did not lack the tools to construct their constitutional claim." *Id.* at 1287 (internal quotation marks omitted). The absence of *James*, which was not about § 924(c)'s residual clause and in fact upheld a similar clause in a different statute (thus arguably making a vagueness challenge *less* likely to succeed), does not so alter the landscape as to make this case materially distinguishable from *Granda*. For the same reasons articulated in *Granda*, Herron's claim is unnovel, and he cannot show cause to overcome the procedural default to which his claim is subject.

Given that Herron cannot demonstrate cause, it is immaterial whether he can show prejudice. His claim is procedurally defaulted, and he cannot overcome the default. We need not address the two additional questions in Herron's COA, because both become relevant only if the procedural default could be excused. *See id.* at 1292 (explaining, after holding that the movant had not overcome a procedural default, that he *alternatively* could not show a reasonable possibility that the error was harmful). Thus, we affirm the judgment of the district court.

**AFFIRMED.**