[PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-13260

_____

SEAN GARRISON,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:16-cv-61477-JIC

_____

Before BRANCH and LUCK, Circuit Judges, and ANTOON,[*] District Judge.

BRANCH, CIRCUIT JUDGE:

This case asks us to consider the question of whether, under *Stromberg v. California*, 283 U.S. 359 (1931), an error occurred where the jury returned a general verdict, failing to indicate whether its conviction under 18 U.S.C. § 924(c) was based upon two valid predicate offenses, or on one invalid predicate offense. The district court determined on collateral review that the petitioner was not entitled to relief because the predicate offenses were "inextricably intertwined." We conclude that a *Stromberg* error did, indeed, occur but that error was harmless.

Sean Garrison, together with three others, conspired to rob a cocaine stash house. They did not know that the conspiracy was part of a reverse sting operation administrated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Before Garrison and his co-conspirators could carry out the robbery, ATF apprehended them, confiscating a firearm from Garrison in the process. A jury convicted Garrison of conspiring to use and using a firearm during the commission of a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c), among other crimes.

---

[*] Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Section 924(c) makes it a crime for someone to carry a firearm in furtherance of "a crime of violence or drug trafficking crime," thus requiring that the defendant be convicted of an underlying predicate offense of a crime of violence or drug trafficking to be convicted of violating § 924(c). Here, Garrison was convicted of three predicate offenses—two drug trafficking charges and one charge of conspiracy to commit Hobbs Act robbery—supporting his conviction under § 924(c). However, after Garrison's conviction, intervening decisions from the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019), and this Court in *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019), rendered the conspiracy to commit Hobbs Act robbery invalid as a predicate offense for a § 924(c) conviction.

After receiving authorization from this Court to file a second or successive 28 U.S.C. § 2255 motion to vacate sentence, Garrison argued that the invalid predicate offense of conspiracy to commit Hobbs Act robbery entitled him to vacatur of his § 924(c) conviction. Garrison argued that the jury's general verdict made it impossible to discern whether the jury based the conviction on the invalid predicate offense of conspiracy to commit Hobbs Act robbery or on one or both of the two valid drug trafficking predicate offenses.

The district court denied his motion, holding that the jury convicted Garrison of participation in "one conspiracy to do two things": (1) commit armed robbery in order to (2) obtain a large quantity of cocaine. Because Garrison's convictions for the single

conspiracy were "inextricably intertwined," the district court concluded that the "only possibility" was that the jury convicted Garrison under § 924(c) based on *both* the invalid predicate offense and the valid drug trafficking predicate offenses such that his § 924(c) conviction could stand.

On appeal, we must determine whether the district court erred in denying Garrison's § 2255 motion. After careful review and with the benefit of oral argument, we conclude that the predicate offenses in this case were so inextricably intertwined that there is no doubt that the jury convicted Garrison of a § 924(c) violation based upon both of the valid drug trafficking predicate offenses and, as such, any error was harmless. Accordingly, because his § 924(c) conviction was based on a valid predicate act, we affirm.

## I.    Background

In March 2007, a confidential informant provided ATF with information regarding individuals who were seeking a target to rob of cash or narcotics. Over the next few months, these individuals, including Garrison, met with the confidential informant and an undercover ATF agent to plan an armed robbery of a cocaine stash house. On the day of the planned robbery, Garrison and his co-defendants met the undercover agent at a gas station and then followed him to a nearby business. The agent invited Garrison and the co-defendants inside the business to receive the address of the stash house and to finalize their plans for the robbery. Garrison and his co-defendants wore black clothing (which Garrison provided),

including skull caps to mask their appearance and gloves to prevent leaving behind fingerprints. Garrison would serve as the lookout and getaway driver.

After discussing the plan for the robbery, the undercover ATF agent initiated the takedown signal and the ATF Special Response Team arrived to arrest the defendants. Garrison removed a gun from his waistband and tossed it under a table, at which point he was arrested without further incident. Once he was picked up for the robbery, Garrison informed agents that he carried the gun, which he found in a co-defendant's car, to demonstrate that he was "for real."

A superseding indictment charged Garrison with seven counts: (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a)[1] (Count One); (2) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count Two); (3) attempt to possess with intent to distribute cocaine, in

---

[1] Section 1951(a) provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). Hobbs Act robbery requires proof of two elements: (1) a robbery; and (2) an effect on interstate commerce. *United States v. Taylor*, 480 F.3d 1025, 1026–27 (11th Cir. 2007).

violation of 21 U.S.C. § 846 (Count Three); (4) conspiracy to use a firearm during the commission of a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count Four); (5) use of a firearm during the commission of a crime of violence or drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)–(B)[2] (Count Five); (6) possession of an unregistered

---

[2] Section 924(c)(1)(A) provides in relevant part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A).

A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." *Id*. § 924(c)(2). A "crime of violence" is defined as an "offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*. § 924(c)(3). Subsection (A) of § 924(c)(3) is known as the "elements clause" and subsection (B) is known as the "residual clause."

Israel Weapon Industries (Uzi) rifle, in violation of 26 U.S.C. §§ 5861(d), 5871 and 18 U.S.C. § 2 (Count Six); and (7) possession of a firearm by an illegal alien,[3] in violation of 18 U.S.C. §§ 2, 922(g)(5) (Count Eight).[4]  The superseding indictment listed Counts One, Two, and Three as predicate offenses for Count Five, the § 924(c) charge.

At the close of trial, the district court instructed the jury that it could find Garrison guilty of Count Five if the government proved beyond a reasonable doubt that Garrison "committed the crime of violence charged in Count [One] *or* that [Garrison] committed the drug trafficking offense charged in *either* Counts [Two] *or* [Three]."  In addition, the jury had to find that Garrison carried or possessed a firearm during the commission of the crime in order to convict on Count Five.

The district court further instructed:

> The indictment charges that each Defendant knowingly carried a firearm during and in relation to a crime of violence and a drug trafficking offense and possessed a firearm in furtherance of a crime of

---

At the time of Garrison's convictions, § 924(c) required that the term of imprisonment imposed for the § 924(c) offense run consecutively to any other term of imprisonment. *Id.* § 924(c)(1)(D).

[3] Garrison is a native of Jamaica who resides in England.  Garrison did not legally reside in the United States and was subject to deportation at the time of his arrest.

[4] Garrison was not charged in Count Seven of the superseding indictment.

violence and a drug trafficking offense.  It is charged, in other words, that the defendant violated the law as charged in Count [Five] in different ways.  It is not necessary, however, for the [g]overnment to prove that the defendant violated the law in <u>all</u> of those ways.  It is sufficient if the [g]overnment proves, beyond a reasonable doubt, that the Defendant knowingly violated the law in <u>some</u> way; but, in that event, you must unanimously agree upon the way in which the Defendant committed the violation.

The jury returned a general verdict convicting Garrison of all counts, except Count Six.[5]  The verdict did not identify the predicate offense upon which the jury relied for the § 924(c) charge in Count Five.

The district court sentenced Garrison to four concurrent terms of 228-months' imprisonment for Counts One through Four, a concurrent term of 120-months' imprisonment for Count Eight, and a term of 60-months' imprisonment for Count Five to run consecutively to his other terms.  Garrison's sentence of imprisonment totaled 288 months.  Garrison appealed his sentence, but we affirmed, and the Supreme Court denied Garrison's petition for a writ of certiorari.  *United States v. Chung*, 329 F. App'x 862, 869 (11th Cir.), *cert. denied sub nom. Garrison v. United States*, 558 U.S. 928 (2009).  Garrison then filed an initial

---

[5] Garrison was acquitted of Count Six (possession of an unregistered Israel Weapon Industries (Uzi) rifle), which was not a predicate offense for Garrison's § 924(c) conviction.

§ 2255 motion, followed by an amended motion, which the district court denied.[6]

In 2016, pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Garrison filed a *pro se* request for permission to file a second or successive motion to vacate his sentence based upon the Supreme Court's then-recent decision in *Johnson v. United States*, 576 U.S. 591 (2015).[7] We granted his motion, permitting him to proceed with a *Johnson*-based challenge to his § 924(c) conviction. Garrison, now with counsel, filed an amended § 2255 motion in the district court, arguing that his conviction under § 924(c) was void because conspiracy to commit Hobbs Act robbery did not constitute a predicate crime of violence for the purposes of § 924(c). The magistrate judge recommended that the district court deny the motion, but the district court held the motion in abeyance while the Supreme Court decided *Davis*. The Supreme Court ultimately held in *Davis* that the residual clause of § 924(c) was likewise unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.[8] We

---

[6] Thereafter, Garrison filed an unauthorized second or successive § 2255 motion, which the district court dismissed for lack of jurisdiction.

[7] The Supreme Court in *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), was unconstitutionally vague. 576 U.S. at 597. Garrison argued that *Johnson* was equally applicable to § 924(c) based upon virtually identical statutory language found in the ACCA's residual clause and § 924(c)'s residual clause.

[8] After lifting the stay on Garrisons' motion, the district court ordered supplemental briefing on the applicability of *Davis*.

subsequently held that *Davis* is retroactively applicable to cases on collateral review, like Garrison's. *In re Hammoud*, 931 F.3d 1032, 1038–39 (11th Cir. 2019). We also held, post-*Davis*, that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c)(3) and, thus, is not a valid predicate for a § 924(c) charge. *Brown*, 942 F.3d at 1075–76.

Following the issuance of *Davis*, the district court denied Garrison's § 2255 motion and denied a certificate of appealability ("COA"). The district court found that Garrison did not carry his burden under *Stromberg*, 283 U.S. at 28–30, of proving that it was unclear whether the jury based its § 924(c) conviction on the unconstitutional conspiracy to commit Hobbs Act robbery predicate contained in Count One. In the district court's view, the jury convicted Garrison of participating in a single conspiracy with two goals: "(1) commit an armed robbery in order to (2) obtain a large quantity of cocaine." As a result, Garrison's convictions for the conspiracy to commit drug trafficking were "inextricably intertwined" with his conviction for conspiracy to commit Hobbs Act robbery such that the only possible conclusion was that "the jury based its 924(c) conviction on **both** the conspiracy to commit Hobbs Act robbery and one of the drug trafficking predicates." Accordingly, the court held that Garrison was not entitled to vacatur of his § 924(c) conviction.

Garrison timely appealed and filed a motion for a COA in this Court. We granted the motion, certifying a single issue on appeal: "Whether the district court erred by denying [Garrison's]

*United States v. Davis*, 139 S. Ct. 2319 (2019), claim, in light of *Stromberg v. California*, 283 U.S. 359 (1931)?"

## II.    Discussion

When reviewing a district court's denial of a motion under 28 U.S.C. § 2255, this Court reviews legal conclusions *de novo* and factual findings for clear error. *Brown*, 942 F.3d at 1072.[9]

Garrison argues that the *Stromberg* error that purportedly occurred in this case was not harmless because the court instructed the jury that it could rely on any of the three predicate offenses (including the invalid predicate offense of conspiracy to commit Hobbs Act robbery) and the jury returned a general verdict form, such that it is impossible to determine which predicate was the basis for his § 924(c) conviction. He also argues that the district court erred by looking beyond the jury instructions and the verdict in reaching the conclusion that the predicate offenses underlying his § 924(c) convictions were "inextricably intertwined" because in

---

[9] The government has raised the issue of procedural default, arguing that because Garrison did not raise his vagueness challenge to § 924(c) to the trial court or on direct appeal, he has procedurally defaulted his vagueness challenge on collateral review. The government contends that, while the Supreme Court had not yet invalidated the residual clause of § 924(c) at the time of Garrison's direct appeal, the "tools" needed to raise a vagueness challenged existed such that he should have raised the claim on direct appeal. We offer no opinion on whether Garrison has procedurally defaulted his claim because we conclude that it fails on the merits. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020), *cert. denied*, 142 S. Ct. 124 (2021) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event.").

determining whether a *Stromberg* error was harmless, a court is limited to consideration of the jury instructions and verdict. We address each of Garrison's arguments in turn.

As an initial matter, the combined effect of *Davis*, *Hammoud*, and *Brown* on this case is that Count One of Garrison's indictment (*i.e.*, conspiracy to commit Hobbs Act robbery) is an invalid predicate offense for his § 924(c) charge (Count Five). Both parties, correctly, agree as much. For Garrison's § 924(c) conviction to stand, therefore, it must have been based on one or both of the valid drug trafficking offenses in Counts Two and Three. The jury, however, returned a general verdict in which it did not specify the predicate basis for its conviction on Count Five.

Why does this matter? Because of the Supreme Court's decision in *Stromberg*.[10] There, the Court held that a general verdict, such as the one here, cannot stand if one of the bases on

---

[10] *Stromberg* was a First Amendment case in which the Supreme Court recognized protections for symbolic expression. The state statute at issue prohibited display of a red flag as (1) "a sign, symbol or emblem of opposition to organized government"; (2) "an invitation or stimulus to anarchistic action"; or (3) "an aid to propaganda that is of a seditious character." *Stromberg*, 283 U.S. at 363. The trial court instructed the jury that it need only find that the government proved beyond a reasonable doubt that the defendant displayed a red flag for any one of the purposes proscribed by the statute, rather than "conjunctively" as the charge in the information set forth. *Id.* at 363–64. The Supreme Court invalidated the statute as unconstitutionally vague because it could allow for punishment for the fair use of "the opportunity for free political discussion." *Id.* at 369.

which the jury *might have found* the defendant guilty is unconstitutional. 283 U.S. at 365–68. The Court stated:

> As there were three purposes set forth in the statute, and the jury was instructed that their verdict might be given with respect to any one of them, independently considered, it is impossible to say under which clause of the statute the conviction was obtained. If any one of these clauses, which the state court has held to be separable, was invalid, it cannot be determined upon this record that the appellant was not convicted under that clause.

*Id*. at 368. The Supreme Court has explained that its holding in *Stromberg* stands for the "the principle that, where a provision of the Constitution forbids conviction on a particular ground, the constitutional guarantee [of due process] is violated by a general verdict that may have rested on that ground." *Griffin v. United States*, 502 U.S. 46, 53 (1991).

Garrison argues a *Stromberg* error was committed in this case because the jury issued a general verdict based upon an indictment and jury instructions that contained both a valid and now-invalid predicate offense, entitling him to vacatur of his § 924(c) conviction. Garrison is correct that a *Stromberg* error occurred in this case. By virtue of the Supreme Court's decision in *Davis* and our decisions in *Hammoud* and *Brown*, conspiracy to commit Hobbs Act robbery is a constitutionally invalid predicate offense upon which Garrison's § 924(c) conviction cannot be based. Thus,

because the general verdict convicting Garrison under § 924(c) may have rested on the unconstitutional conspiracy to commit Hobbs Act robbery predicate offense, a *Stromberg* error occurred.

However, following *Stromberg*, the Supreme Court clarified that a *Stromberg* error is not structural and does not require automatic reversal. *Hedgpeth v. Pulido*, 555 U.S. 57, 60 (2008) (per curiam). Rather, in § 2255 cases, *Stromberg* errors are reviewed for harmlessness under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). *Id.* at 58–62. "Under th[e *Brecht*] test, relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Davis v. Ayala*, 576 U.S. 257, 268 (2015) (quotations omitted). In other words, "[t]here must be more than a 'reasonable possibility' that the error was harmful." *Id.* at 268 (quoting *Brecht*, 507 U.S. at 637). Importantly, we have held that "the harmlessness inquiry is more searching on collateral review than on direct review." *Granda v. United States*, 990 F.3d 1272, 1295 (11th Cir. 2021). Therefore, on collateral review, when determining whether an alleged *Stromberg* error is harmless, "it is proper to look at the record to determine whether the invalid predicate actually prejudiced the petitioner—that is, actually led to his conviction— or whether the jury instead (or also) found the defendant guilty under a valid theory." *Id.* at 1294. In other words, in assessing

20-13260                 Opinion of the Court                 15

whether the error is harmless, we may consult the entire record.[11] We review the question of harmlessness *de novo.* *Foster v. United States*, 996 F.3d 1100, 1107 (11th Cir.), *cert. denied*, 142 S. Ct. 500 (2021). Garrison is incorrect that he is entitled to a remedy because the *Stromberg* error in this case was harmless.

Our recent decision in *Parker v. United States*, is instructive.[12] 993 F.3d 1257 (11th Cir. 2021). We addressed a *Davis* challenge on virtually identical facts. The defendant had been convicted of, among other offenses, conspiracy to commit Hobbs Act robbery, conspiracy to possess with intent to distribute cocaine, and attempt to possess with intent to distribute cocaine, as well as conspiracy to use or carry a firearm during and in relation to a crime of violence and a drug-trafficking offense in violation of § 924(o), and using and carrying a firearm during and in relation to a crime of violence and a drug-trafficking offense in violation of § 924(c). *Id.* at 1260–62. The drug trafficking and firearm charges served as predicate

---

[11] We have repeatedly rejected Garrison's argument that our decisions in *Adams v. Wainwright*, 764 F.2d 1356 (11th Cir. 1985), and *Parker v. Secretary for Department of Corrections*, 331 F.3d 764 (11th Cir. 2003), bar us from looking beyond the jury instructions and the verdict to determine whether his § 924(c) conviction rested on an alternative. *See, e.g., Foster v. United States*, 996 F.3d 1100, 1109 (11th Cir.), *cert. denied*, 142 S. Ct. 500 (2021); *Parker v. United States*, 993 F.3d 1257, 1265 (11th Cir. 2021); *Granda*, 990 F.3d at 1294–95.

[12] While Parker did not explicitly rely upon *Stromberg* in collaterally attacking his conviction and sentence, our decision in *Parker* is instructive in light of the factual, procedural, and legal similarities to Garrison's case. More importantly, Parker's challenge, while not explicitly based upon *Stromberg*, was, in essence, the same challenge that Garrison makes here.

offenses for both the §§ 924(o) and 924(c) charges. With regard to those counts, the district court instructed the jury that it was not necessary for the "[g]overnment to prove that [Parker had] violated the law" by committing a crime of violence *and* drug trafficking, but rather "[i]t [was] sufficient if the [g]overnment prove[d] . . . that [Parker] knowingly violated the law in *some* way." *Id.* at 1261. The jury returned a general verdict convicting Parker on all counts. *Id.*

Much like Garrison, Parker argued that because "the indictment, general verdict, and jury instructions left open the possibility that the jury had relied on an invalid predicate offense[—conspiracy to commit Hobbs Act robbery—]to convict him of the § 924(o) and (c) offenses, . . . [those] convictions [had to] be set aside." *Id.* at 1262. We rejected Parker's claim, holding that "[t]here [was] no real possibility that Parker's [§§ 924(o) and 924(c)] convictions rested solely on the invalid Hobbs Act conspiracy predicate." *Id.* at 1265. We held that the record made clear that the jury could not have found that Parker carried a firearm in furtherance of his conspiracy to rob the stash house without also finding that he did so in furtherance of his conspiracy and attempt to obtain cocaine. *Id.* As a result, "the inclusion of [the] invalid predicate offense in the indictment and jury instructions was harmless." *Id.*; *see also Foster*, 996 F.3d at 1109 (holding on virtually identical facts that because "the record [made] it crystal clear that if the jury relied on the invalid Hobbs Act conspiracy predicate, it also relied on the valid drug trafficking predicates[, meaning that t]he inclusion of Hobbs Act conspiracy as a possible predicate was . . . harmless").

Similarly, Garrison cannot prevail on the merits of his claim. As in *Parker*, the record demonstrates that Garrison and his co-defendants participated in a single conspiracy with two goals: rob the stash house in order to obtain a large amount of cocaine. The evidence presented at trial showed that Garrison was an active participant in this dual-purpose conspiracy: he agreed to be the lookout and getaway driver, he procured and provided to his co-defendants the dark clothing meant to conceal their identities, and he carried a gun. Furthermore, the cocaine that was the object of the robbery was the same cocaine that the jury convicted Garrison of conspiring and attempting to possess with intent to distribute. It is therefore inescapable that the predicate drug trafficking offenses are "inextricably intertwined" with the invalid Hobbs Act conspiracy predicate offense such that it is impossible to discern that the jury based its conviction under § 924(c) *solely* on the invalid Hobbs Act conspiracy predicate offense. *See Parker*, 993 F.3d at 1265.[13] In other words, given the tightly bound factual premise of the predicate offenses, the jurors could not have found that

---

[13] Garrison attempts to distinguish this case from *Parker* on two grounds: (1) Parker was convicted of all charged counts, while Garrison was acquitted of possessing a short-barreled Uzi (Count Six); and (2) Parker was the leader of the criminal scheme, while Garrison was merely a quiet participant. Neither of these arguments are persuasive. For one, the count of which Garrison was acquitted was not a predicate offense for his § 924(c) conviction and it is therefore irrelevant. Second, the relative extent of involvement (or lack thereof) in the respective conspiracies is immaterial to our holding here. The fact remains that the jury convicted Garrison of all predicate offenses **and** of the § 924(c) offense.

18                    Opinion of the Court                    20-13260

Garrison carried a firearm in furtherance of the armed robbery conspiracy without also finding that he did so in furtherance of the conspiracy and attempt to obtain cocaine. For this reason, we hold that the *Stromberg* error that occurred in this case was harmless.[14] *Id.* Moreover, the jury instructions in this case are virtually identical to the instructions in *Parker*, where we held that any error in the instructions was harmless because of the tightly bound factual relationship between the predicate offenses. *See* 993 F.3d at 1265. For the same reason, we conclude that any error committed by the district court in instructing the jury was harmless.

### III.    Conclusion

Although Garrison's § 924(c) conviction had three possible predicate offenses—one of which is now invalid in light of *Davis*—he is not entitled to relief. The predicate offenses are so inextricably

---

[14] Garrison also relies upon the Supreme Court's decision in *Zant v. Stephens*, 462 U.S. 862 (1983), for the proposition that a general verdict must be set aside when it is supported by an unconstitutional basis—even if one basis for the verdict is constitutional. Garrison's reliance on *Zant* is misplaced for several reasons. First, *Zant* involved the question of whether a Georgia prisoner's sentence of death "must be vacated because one of the three statutory aggravating circumstances found by the jury was subsequently held to be invalid by the Supreme Court of Georgia"—an issue that is decidedly different from the question in Garrison's case. 462 U.S. at 864. Second, the *Zant* Court questioned whether *Stromberg* even applied in the sentencing context, but then reasoned that even if it did, under the circumstances of that case, the error was essentially harmless. *Id.* at 884–91. And, finally, post-*Zant*, the Supreme Court expressly reaffirmed that *Stromberg* errors do not require automatic reversal and are subject to harmless error analysis. *Hedgpeth*, 555 U.S. at 58.

intertwined, the jury could not have based the § 924(c) conviction on the invalid predicate without having also based it on the valid drug trafficking predicate offenses.    In other words, the *Stromberg* error that occurred below was harmless and thus Garrison is not entitled to relief.

**AFFIRMED.**